

U.S. Department of Justice

Environment and Natural Resources Division

90-1-24-03820

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-7415*

Clerk's Office  November 24, 2014
U.S. District Court
Northern District of California, Oakland
1301 Clay Street. Suite 400 S
Oakland, CA 94612

      Re:    California River Watch v. Soiland Co., Inc. et al, United States District Court for the Northern District of California, Case No. 4:14-cv-2314

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the settlement agreement in this action and does not object to its entry by this Court.

      On October 6, 2014, the Citizen Suit Coordinator for the Department of Justice received a copy of the settlement agreement in the above-referenced case for review pursuant to Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

See also 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.[1]

      In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 525-26 (1986) (a consent judgment should conform with and further the objectives of the law upon which the

---

[1] For purposes of the United States' right of review, the term "consent judgment" in the Clean Water Act citizen suit provision has a broad meaning, and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, the United States views a document stipulating to dismissal of a case or any part thereof would be within the scope of this language. Such documents and any associated instruments (even if not submitted to the Court) must be submitted to the United States for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.

In its complaint, Plaintiff California River Watch ("CRW") alleged violations of Sections 301(a) and 402 of the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342, for the unlawful discharge of pollutants and violations of storm water permit requirements at the private compost manufacturing business commonly referred to as Grab N' Grow Soil Products facility owned and operated by Soiland Co., Inc. et al ("Defendants") in Santa Rosa, California. In terms of injunctive relief, the settlement agreement provides that Defendant will obtain coverage under an individual NPDES Industrial Stormwater Permit or comply strictly with the terms and conditions in the general permit through preparation and implementation of a revised Stormwater Pollution Prevention Plan; submit additional monitoring reports to CRW; and comply with the requirements of North Coast Regional Water Quality Control Board set forth in its letter to Mark Soiland dated September 8, 2014. The settlement also provides for a payment of $20,000 to Plaintiff for cover fees and costs.

The United States affirms for the record that it is not bound by this settlement. See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc., 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); Sierra Club v. Electronic Controls Design, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. See 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 514-3932 if you have any questions.

Sincerely,

*/s/ Judy Harvey*

Judy Harvey, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044-4390

cc: Counsel of Record via ECF